## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

911 NOTIFY, LLC,

       Plaintiff,

v.

EVERBRIDGE, INC.

       Defendant.

C.A. No. 13-272-LPS

**JURY TRIAL DEMANDED**

## DEFENDANT EVERBRIDGE, INC.'S ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Fed. R. Civ. P. 8, Defendant Everbridge, Inc. ("Everbridge"), hereby answers Plaintiff 911 Notify, LLC's ("Plaintiff") Complaint for Patent Infringement (the "Complaint") and files Counterclaims as follows:

### PARTIES

1.     Everbridge is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2.     Everbridge admits that it is a Delaware corporation with its principal place of business at 500 North Brand Blvd., Suite 1000, Glendale, California 91203. Everbridge admits that Corporation Service Company is its agent for service of process.

### JURISDICTION AND VENUE

3.     Everbridge admits that this action invokes the United States patent laws. Everbridge admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       Everbridge admits that it is subject to the personal jurisdiction of this Court. Everbridge denies all other allegations of paragraph 4, and specifically denies that it has committed any acts of patent infringement.

5.       Everbridge admits that venue is proper in this judicial district.  Everbridge admits that it is subject to the personal jurisdiction of this Court.  Everbridge denies all other allegations of paragraph 5, and specifically denies that it has committed any acts of patent infringement and specifically denies that it has used, sold, offered for sale, and imported infringing products in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,775,356

6.       Everbridge is without knowledge or information to form a belief as to the truth of the assignment allegations pertaining to U.S. Patent No. 6,775,356 (the "'356 Patent"). Everbridge admits that the '356 Patent is entitled "Real-Time Incident and Response Information Messaging in a System for the Automatic Notification that an Emergency Call has Occurred from a Telecommunication Device."  Everbridge admits that a copy of the '356 Patent is attached as Exhibit A to the Complaint.

7.       Everbridge denies all allegations for paragraph 7.

8.       Everbridge denies all allegations of paragraph 8.

9.       Everbridge denies all allegations of paragraph 9.

10.      Everbridge denies all allegations of paragraph 10.

11.      Everbridge denies all allegations of paragraph 11.

## PRAYER FOR RELIEF

Everbridge hereby incorporates by reference its answers to all paragraphs of the Complaint as though fully set forth herein. Everbridge denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## DEMAND FOR JURY TRIAL

Everbridge admits that Plaintiff has requested a jury trial.

## FIRST AFFIRMATIVE DEFENSE
### No Patent Infringement

12.     Everbridge has not infringed and does not infringe, directly, indirectly, contributorily, by inducement, or otherwise, any valid and/or enforceable claim of the '356 Patent, either literally or under the doctrine of equivalents, and is not liable for any infringement of the '356 Patent.

## SECOND AFFIRMATIVE DEFENSE
### Patent Invalidity

13.     One or more claims of the '356 Patent are invalid and/or unenforceable for failure to meet one or more of the "conditions of patentability" set forth in 35 U.S.C. §§ 101 et seq., and more particularly to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### Laches

14.     Plaintiff's claims are barred, in whole or in part, by laches.

## FOURTH AFFIRMATIVE DEFENSE
### Limitation of Damages

15.     Plaintiff's claims for damages, if any, against Everbridge are limited by 35 U.S.C. §§ 286, 287 and/or 288.

16.     Upon information and belief, Plaintiff has failed to plead and meet the requirements of enhanced damages or attorney's fees or costs.

## FIFTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

17.     Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages alleged in this action.

## SIXTH AFFIRMATIVE DEFENSE
### Prosecution History Estoppel

18.     Plaintiff is estopped, by reason of prior art or statements, representations, and/or narrowing amendments made to or by the United States Patent and Trademark Office during prosecution of the applications that led to the '356 patent, from asserting any interpretation of the claims that would cover any technology made, used, offered for sale, or sold by Everbridge.

## SEVENTH AFFIRMATIVE DEFENSE
### Failure to State a Claim

19.     Plaintiff complaint fails to state a claim upon which relief can be granted.

## RESERVATION OF ADDITIONAL DEFENSES

20.     Everbridge reserves the right to assert all other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Everbridge Inc. ("Everbridge") for its counterclaim against Counterclaim-Defendant 911 Notify, LLC ("911 Notify") alleges the following:

1.    Counterclaim-Plaintiff Everbridge is incorporated under the laws of the State of Delaware.

2.    Upon information and belief, Counterclaim-Defendant 911 Notify is a Delaware limited liability company with a registered address of 903 S. College Ave., Box 275, Newark, Delaware 19715.

3.    911 Notify claims to be the owner of U.S. Patent No. 6,775,356 ("the '356 Patent"). 911 Notify has filed a complaint for patent infringement alleging that Everbridge has infringed one or more claims of the '356 Patent.

4.    These Counterclaims arise under federal law, and this Court has jurisdiction pursuant 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

5.    Venue is proper in this judicial district under 28 U.S.C. § 1391 and 1400(b).

6.    This Court has personal jurisdiction over 911 Notify.

7.    A justiciable actual controversy exists between Everbridge and 911 Notify concerning the alleged infringement, validity, and enforceability of the '356 Patent.

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,775,356

8.    Everbridge realleges and incorporates by reference the allegations of paragraphs 1-7 of its Counterclaims as though fully set forth herein.

9.    This is an action for declaratory judgment of noninfringement of any and all valid and enforceable claims of the '356 Patent.

10.     911 Notify alleges that Everbridge has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '356 Patent, that such alleged infringement has thereby damaged 911 Notify and will continue to damage 911 Notify.

11.     Everbridge has not infringed, contributed to the infringement of, or induced others to infringe, and does not infringe, contribute to the infringement of, or induce others to infringe any valid and enforceable claim of the '356 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

12.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Everbridge and 911 Notify as to whether Everbridge has infringed, or continues to infringe, any valid and enforceable claim of the '356 Patent.

13.     Everbridge requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 8-12 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

<u>**DECLARATORY JUDGMENT OF INVALIDITY**</u>
<u>**OF U.S. PATENT NO. 6,775,356**</u>

14.     Everbridge realleges and incorporates by reference the allegations of paragraphs 1- 13 of its Counterclaims as though fully set forth herein.

15.     This is an action for declaratory judgment of invalidity of any and all claims of the '356 Patent.

16.     The '356 Patent, and each claim thereof, are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Everbridge and 911 Notify as to whether there exists any valid claim of the '356 Patent.

18.    Everbridge requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 14-17 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## PRAYER FOR RELIEF

WHEREFORE, Everbridge prays that this Court:

A.    Dismiss the Complaint with prejudice;

B.    Hold that Counterclaim-Defendant 911 Notify, LLC is not entitled to any relief, whether in law or equity or otherwise, from its suit against Everbridge;

C.    Enter judgment that Everbridge has not infringed, is not infringing, has not contributed or  induced infringement, and is not contributing or inducing infringement of any valid and  enforceable claims of the Patent-In-Suit, either literally or by virtue of the doctrine of equivalents;

D.    Enter judgment that each and every claim of the '356 Patent is invalid;

E.    Permanently enjoin Counterclaim Defendant 911 Notify, LLC, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '356 Patent against Everbridge or any of its respective officers, agents, employees, successors, and assigns;

F.    Find this case exceptional and award Everbridge its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

G.    Award Everbridge any other relief, in law and in equity, to which the Court finds Everbridge is justly entitled.

## DEMAND FOR JURY TRIAL

Everbridge demands trial by jury on all claims and issues so triable.


*OF COUNSEL:*

Edward A. Cavazos
Conor M. Civins
Benjamin L. Bernell
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas  78701
(512) 472-7800
ed.cavazos@bgllp.com
conor.civins@bgllp.com
ben.bernell@bgllp.com

Dated: April 29, 2013

*/s/ Elizabeth R. He*
Frederick L. Cottrell, III
Elizabeth R. He
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
he@rlf.com

*Attorneys for Defendant Everbridge, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2013, I caused to be served copies of the foregoing document in the manner indicated below and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

Marc A. Fenster
Benjamin T. Wang
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
(310) 826-7474
mfenster@raklaw.com
bwang@raklaw.com


/s/ Elizabeth R. He
Elizabeth R. He (#5345)
he@rlf.com